FILED 2009 MAR 19 PM 4:08
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2008 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RAUL ERNEST ALONSO-PRIETO,<br>    aka "Charles Powell,"<br>    aka "Kenneth Robert<br>        Murphy-Peterson,"<br><br>    Defendant. | No. CR 09 00261<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1343: Wire Fraud;<br>18 U.S.C. § 1341: Mail Fraud;<br>18 U.S.C. § 1028A: Aggravated<br>Identity Theft; 18 U.S.C.<br>§ 1001: False Statement to<br>Government Agency; 18 U.S.C.<br>§ 2(b): Causing an Act to Be<br>Done] |

The Grand Jury charges:

COUNTS ONE THROUGH FIVE

[18 U.S.C. §§ 1343, 2(b)]

A.  INTRODUCTION

1.  At all times relevant to this indictment, defendant RAUL ERNEST ALONSO-PRIETO, aka "Charles Powell," aka "Kenneth Robert-Murphy Peterson," ("defendant ALONSO") was a citizen of Cuba ordered to be deported or removed from the United States to Cuba and was not licensed to practice law in the State of California.

CAK:KCA

2.  At all times relevant to this indictment, the San Pedro Processing Center ("SPPC") was a facility maintained by the Department of Homeland Security, Immigrations & Customs Enforcement ("ICE"), which housed aliens who had been ordered detained pending various immigration proceedings. The SPPC also housed certain Immigration Courts of the Department of Justice, Executive Office for Immigration Review, in which immigration proceedings were held.

3.  At all times relevant to this indictment, defendant ALONSO was under an Order of Supervision after having been released on or about December 22, 2006, from SPPC, where he had been detained for several months until it was determined he could not be deported or removed from the country due to the United States' lack of diplomatic relations with Cuba.

B.  THE SCHEME TO DEFRAUD

4.  Beginning in or about March 2007, and continuing through on or about June 25, 2007, in Los Angeles County, within the Central District of California, and elsewhere, defendant ALONSO, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud victim alien detainees and their families as to material matters, and to obtain money and property from those alien detainees and their family members by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts, by means of interstate wire communications.

5.  The scheme to defraud was executed as follows:

   a.  Upon his release from the custody of ICE at SPCC, defendant ALONSO assumed the name of "Kenneth Robert Murphy-

Peterson," a variation on the name of a true attorney in California, R. K. Peterson. Defendant ALONSO also obtained the bar number of the true attorney R. K. Peterson.

   b. Using the name of "Kenneth Robert Murphy-Peterson" and also the name of a deceased Florida attorney, "Charles Powell" (which name defendant had previously adopted as his own), defendant ALONSO invented a fictional charitable legal services organization, the "Amicus Curiae Foundation." Defendant ALONSO procured business cards and letterhead claiming that both "Charles Powell" and "Kenneth Robert Murphy-Peterson" or "Ken R. Peterson" were attorneys with the "Amicus Curiae Foundation." On these business cards, defendant used the bar number of the true attorney R. K. Peterson.

   c. Defendant ALONSO then approached alien detainees or their families at the SPPC and offered to represent the alien detainees for a fee of between $500 and $2500. Defendant ALONSO purported to be an attorney named "Kenneth Robert Murphy-Peterson," to be a member of the bar of the State of California, and claimed to have experience representing individuals in front of Immigration Judges at SPPC.

   d. Defendant ALONSO also told the alien detainees and their families that he was employed by the "Amicus Curaie Foundation," a Christian nonprofit legal assistance organization, and handed out the business cards falsely indicating that he was "Ken R. Peterson" an "Attorney At Law" with the "Amicus Curiae Foundation."

   e. Defendant ALONSO also appeared in person and by telephone before Immigration Judges at the SPPC, purporting to be

3

attorney "Kenneth Robert Murphy-Peterson," and purporting to represent the various victim alien detainees in their immigration proceedings.

      f.    Defendant ALONSO maintained a bank account at U.S. Bank in the name of "Kenneth R. Murphy-Peterson," account number X-XXX-XXXX-X583, in which he deposited victim checks, cash, and money orders, and into which he asked victims to wire money.

C.   <u>THE MISREPRESENTATIONS AND CONCEALMENT OF MATERIAL FACTS</u>

    6.    In furtherance of the scheme to defraud, defendant knowingly engaged in the following material fraudulent and deceptive acts, practices, devices, and misrepresentations, among others, and knowingly concealed the following material facts, among others:

      a.    Defendant ALONSO claimed to be "Kenneth Robert Murphy-Peterson," an attorney and a member of the State Bar of California, when, in truth and in fact, he was not a licensed attorney.

      b.    Defendant ALONSO claimed that he was employed by the "Amicus Curiae Foundation," a Christian nonprofit charitable organization that would represent aliens in immigration proceedings for a reduced fee when, in truth and in fact, the "Amicus Curiae Foundation" was a fictitious organization invented by defendant ALONSO and was neither a legal organization nor a charity.

      c.    Defendant ALONSO claimed that the "Amicus Curiae Foundation" had offices in South Gate and in San Francisco when, in truth and in fact, neither defendant ALONSO nor the "Amicus Curiae Foundation" had an office in San Francisco and defendant

4

ALONSO operated the fictitious legal foundation out of a house in South Gate where he rented a room.

      d.   Defendant ALONSO knowingly concealed from the victim detainees and their families the fact that he previously had been an alien detainee at the SPPC and had been ordered deported or removed to Cuba.

D. <u>USE OF THE WIRES</u>

      7.   On or about the dates listed below, within the Central District of California and elsewhere, defendant ALONSO, for the purpose of executing the above-described scheme to defraud, transmitted and willfully caused the transmission of, the following items by means of wire communications in interstate and foreign commerce:

| COUNT | DATE | WIRE COMMUNICATION |
| --- | --- | --- |
| ONE | May 7, 2007 | Bank wire transfer of $600 from the Citibank of New York account of O. Wyss, number ending in 947, to the U.S. Bank account in the name of "Kenneth R. Murphy-Peterson," in South Gate, California, account number ending in 583 |
| TWO | May 16, 2007 | Facsimile transmission of a letter addressed to "Honorable Judge" from G. Fisher in Henderson, Nevada, to defendant ALONSO in South Gate, California |
| THREE | May 31, 2007 | Facsimile transmission of a proposed retainer agreement from "Ken Peterson," at (323) 564-2901 in South Gate, California, to M. Lopez in Austin, Texas |

| FOUR | May 31, 2007 | Bank wire transfer of $500 from the Wells Fargo Bank account of M. Lopez in Del Valle, Texas, account number ending in 248, to the U.S. Bank account in the name of "Kenneth Peterson" in South Gate, California, account number ending in 583 |
|------|--------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| FIVE | June 2, 2007 | Facsimile transmission of a signed retainer agreement from M. Lopez in Austin, Texas, to defendant ALONSO in South Gate, California, at (323) 564-2901 |

COUNTS SIX THROUGH SEVEN

[18 U.S.C. §§ 1341, 2(b)]

8. The Grand Jury hereby realleges and incorporates by reference paragraphs one through seven of the Indictment, as though fully set forth herein.

E. <u>USE OF THE MAILS</u>

9. On or about the dates listed below, in Los Angeles County, within the Central District of California, and elsewhere, defendant ALONSO, for the purpose of executing the above-described scheme to defraud, willfully caused the following items to be placed in an authorized depository for mail matter and to be sent and delivered by the U.S. Postal Service and by private and commercial interstate carrier according to the directions thereon:

| COUNT | DATE | DESCRIPTION |
| --- | --- | --- |
| SIX | May 20, 2007 | U.S. Postal Service mail envelope from M. Fisher to "Amicus Curiae Foundation," P.O. Box 1100, South Gate, California, 90280, containing letter to "Mr. Peterson" and enclosures |
| SEVEN | June 15, 2007 | U.S. Postal Service mail envelope from U.S. Dept. of Homeland Security, San Pedro Processing Center, Attn: Detainee Correspondence, to "Ken Peterson" at P.O. Box 1100, South Gate, California, containing "Legal Documents" re detainee K.R. |

COUNTS EIGHT THROUGH FOURTEEN

[18 U.S.C. § 1028A(a)(1)]

10. On or about the dates listed below, in Los Angeles County, within the Central District of California, and elsewhere, defendant RAUL ERNEST ALONSO-PRIETO, aka "Charles Powell," aka "Kenneth Robert Murphy-Peterson," knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that is, the name K. Peterson and the California bar number of R. K. Peterson, during and in relation to the following felony violations:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| EIGHT | May 7, 2007 | Wire fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in Count One of this Indictment |
| NINE | May 16, 2007 | Wire fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in Count Two of this Indictment |
| TEN | May 31, 2007 | Wire fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in Count Three of this Indictment |
| ELEVEN | May 31, 2007 | Wire fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in Count Four of this Indictment |
| TWELVE | June 2, 2007 | Wire fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in Count Five of this Indictment |
| THIRTEEN | May 29, 2007 | Mail fraud, a felony violation of Title 18, United States Code, Section 1341, as charged in Count Six of this Indictment |
| FOURTEEN | June 15, 2007 | Mail fraud, a felony violation of Title 18, United States Code, Section 1341, as charged in Count Seven of this Indictment |

COUNTS FIFTEEN THROUGH TWENTY-ONE

[18 U.S.C. § 1001]

11.  On or about the dates listed below, in Los Angeles County, within the Central District of California, in a matter within the jurisdiction of the United States Department of Justice, Executive Office for Immigration Review, Immigration Court, defendant RAUL ERNEST ALONSO-PRIETO, aka "Charles Powell," aka "Kenneth Robert Murphy-Peterson" ("defendant ALONSO"), knowingly and willfully made the false, fictitious, and fraudulent material statements and representations set forth below in Notices of Entry of Appearance as Attorney or Representative Before the Immigration Court (Forms EOIR-28), knowing such statements and representations to be false when made:

| COUNT | DATE | FALSE STATEMENT |
|---|---|---|
| FIFTEEN | March 19, 2007 | Form EOIR-28, filed on behalf of alien detainee G. Guillen-Carrera, in which defendant ALONSO declared under penalty of perjury that he was K. Peterson, a member of the bar of the California Supreme Court. |
| SIXTEEN | April 12, 2007 | Form EOIR-28, filed on behalf of alien detainee J. Cruz-Brugos, in which defendant ALONSO declared under penalty of perjury that he was K. Peterson, a member of the bar of the California Supreme Court. |
| SEVENTEEN | April 20, 2007 | Form EOIR-28, filed on behalf of alien detainee G. Quinones-Reyes, in which defendant ALONSO declared under penalty of perjury that he was K. Peterson, a member of the bar of the California Supreme Court. |

| COUNT | DATE | FALSE STATEMENT |
|---|---|---|
| EIGHTEEN | May 3, 2007 | Form EOIR-28, filed on behalf of alien detainee J. Soriano, in which defendant ALONSO declared under penalty of perjury that he was K. Peterson, a member of the bar of the California Supreme Court. |
| NINETEEN | May 17, 2007 | Form EOIR-28, filed on behalf of alien detainee J. Fischer, in which defendant ALONSO declared under penalty of perjury that he was K. Peterson, a member of the bar of the California Supreme Court. |
| TWENTY | May 17, 2007 | Form EOIR-28, filed on behalf of alien detainee K. Rose, in which defendant ALONSO declared under penalty of perjury that he was K. Peterson, a member of the bar of the California Supreme Court. |
| TWENTY-ONE | June 14, 2007 | Form EOIR-28, filed on behalf of alien detainee C. Aldana, in which defendant ALONSO declared under penalty of perjury that he was K. Peterson, a member of the bar of the California Supreme Court. |

COUNT TWENTY-TWO

[18 U.S.C. § 1001]

12. On or about May 17, 2007, in Los Angeles County, within the Central District of California, in a matter within the jurisdiction of the United States Department of Homeland Security, Immigrations and Customs Enforcement, defendant RAUL ERNEST ALONSO-PRIETO, aka "Charles Powell," aka "Kenneth Robert Murphy-Peterson" ("defendant") knowingly and willfully made a false, fictitious, and fraudulent material statement and representation in a Notice of Entry of Appearance as Attorney or Representative (Form G-28) filed on behalf of alien detainee A. Rodarte-Nava, in that defendant ALONSO declared under penalty of perjury that he was K. Peterson, a member of the bar of the California Supreme Court, knowing such statement and representation to be false when made.

A TRUE BILL

/S/
Foreperson

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

CURTIS KIN
Assistant United States Attorney
Chief, Domestic Security & Immigration Crimes Section

KERI CURTIS AXEL
Assistant United States Attorney
Domestic Security & Immigration Crimes Section

11