THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
KERI CURTIS AXEL (Cal. State Bar No. 186847)
Assistant United States Attorney
Domestic Security & Immigration Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5421
    Facsimile: (213) 894-6436
    E-mail: keri.axel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 09-261-MMM |
|       Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> <u>RAUL ALONSO-PRIETO</u> |
|   v. | ) |
| RAUL ERNEST ALONSO-PRIETO,<br>  aka "Charles Powell,"<br>  aka "Kenneth Robert<br>    Murphy-Peterson," | ) |
|       Defendant. | ) |

      1.  This constitutes the plea agreement between RAUL ALONSO-PRIETO ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

/ / /

## PLEA

2. Defendant agrees to plead guilty to counts six and thirteen of the indictment in <u>United States v. Raul Alonso-Prieto</u>, CR No. 09-261-MMM.

## NATURE OF THE OFFENSES

3. In order for defendant to be guilty of count six of the indictment, which charges a violation of Title 18, United States Code, Section 1341, the following must be true:  (1) defendant knowingly devised or participated in a scheme to defraud his victims as to a material matter; (2) defendant did so with the intent to defraud; and (3) in advancing, or furthering, or carrying out the scheme, defendant caused the United States mails or a private or commercial interstate carrier to be used. In order for defendant to be guilty of count thirteen of the indictment, which charges a violation of Title 18, United States Code, Section 1028A(a)(1), the following must be true: (1) defendant knowingly transferred, possessed, or used, without lawful authority, a means of identification; (2) defendant knew that the means of identification belonged to another person; and (3) defendant knowingly transferred, possessed, or used that means of identification during and in relation to a felony violation of Title 18, United States Code, Section 1341 (mail fraud), as charged in count six.

Defendant admits that defendant is, in fact, guilty of the offenses described in counts six and thirteen of the indictment.

## PENALTIES AND RESTITUTION

4. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1341

2

(mail fraud), as charged in count six, is: twenty years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1028A(a)(1), as charged in count thirteen, is: two years imprisonment, which must run consecutive to any other sentence of imprisonment; a one-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

   5.   Therefore, the total maximum sentence for all offenses to which defendant is pleading guilty is: 22 years imprisonment; a three-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

   6.   The statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 1028A(a)(1), as charged in count thirteen of the indictment, is a two-year term of imprisonment, which must run consecutive to any other sentence of imprisonment.

   7.   Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison

for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.  Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

9.  Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.  Defendant understands that defendant will be required to pay full restitution to the victims of the offenses. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the amount of restitution is not restricted to the amounts alleged in the counts to which defendant is pleading guilty and may include losses arising from counts dismissed pursuant to this agreement as well as all relevant conduct in connection with those counts.  The parties currently believe that the applicable amount of restitution is at least $10,000, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.  Defendant further agrees that defendant will not seek the discharge of any restitution obligation, in

whole or in part, in any present or future bankruptcy proceeding.

## FACTUAL BASIS

11.  Defendant and the USAO agree and stipulate to the statement of facts provided below.  This statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the sentencing guideline factors set forth in paragraph 14 below.  It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant, who goes by or has gone by the names "Charles Powell" and "Kenneth Robert-Murphy Peterson," has never been licensed to practice law in the State of California.  In or about early 2007, defendant designed a scheme to defraud detainees at the San Pedro Processing Center ("SPPC"), a facility maintained by the Department of Homeland Security, Immigrations & Customs Enforcement ("ICE"), and the families of such aliens, as to material matters, and to obtain money and property from those detainees and their family members by means of materially false and fraudulent pretenses, representations, and promises, which he executed as follows:

(1)  Defendant assumed the name of "Kenneth Robert Murphy-Peterson," a variation on the name of a true attorney in California, R. K. Peterson, and adopted the bar number of the true attorney, R. K. Peterson.

/ / /

/ / /

       (2) Defendant created the "Amicus Curiae Foundation."  Defendant procured business cards and letterhead for the "Amicus Curiae Foundation."  On these business cards, defendant stated that he was an attorney.

       (3)  Defendant then offered to represent detainees or their families at the SPPC for a fee of between $500 and $2500.  Using the name "Kenneth Robert Murphy-Peterson," defendant falsely claimed to be an attorney and a member of the bar of the State of California.

       (4)  After securing fees from these victim clients, defendant appeared in person and by telephone on their behalf before Immigration Judges at the SPPC, purporting to be attorney "Kenneth Robert Murphy-Peterson," and purporting to represent the various victim detainees in their immigration proceedings.

       (5)  Defendant maintained a bank account at U.S. Bank in the name of "Kenneth R. Murphy-Peterson," account number X-XXX-XXXX-X583, in which he deposited victim checks, cash, and money orders, and into which he asked victims to wire money.

Using such fraudulent practices, defendant induced at least 10 victims to pay him at least $10,000 to represent them in immigration proceedings.

For example, defendant represented to J. Fischer, a detainee in immigration proceedings at SPPC, and her mother, M. Fisher, that they should pay him $2000 to represent J. Fischer in immigration proceedings.  Defendant then appeared on J. Fischer's behalf in immigration court.  Further, as

6

set forth in Count Number Six of the indictment, on or about May 20, 2007, defendant received, at a United States Post Office box in South Gate, California, an envelope from M. Fischer addressed to the "Amicus Curiae Foundation" at P.O. Box 1100, South Gate, California, 90280, which defendant had willfully caused J. Fischer to send by United States mail as part of defendant's scheme to defraud. The envelope contained a letter to Mr. Peterson and letters from J. Fisher's family members to be filed in J. Fischer's immigration proceedings to seek relief from deportation from the immigration judge.

## WAIVER OF CONSTITUTIONAL RIGHTS

12. By pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite her please of guilty, she retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot afford counsel -- at every other stage of the proceeding.)

    d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e) The right to confront and cross-examine witnesses against defendant.

f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## SENTENCING FACTORS

13.  Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

14.  Defendant and the USAO agree and stipulate to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(E) |
| Specific Offense Characteristics: | | |
| Loss amount greater than $10,000 but less than $30,000 | +4 | U.S.S.G. § 2B1.1(b)(1)(C) |

| | | |
|---|---|---|
| Offense involved 10 or more but less than 50 victims | +2 | U.S.S.G. § 2B1.1(b)(2)(A) |
| Offense involved representation that defendant was acting on behalf of a charitable, religious, or political organization | +2 | U.S.S.G. § 2B1.1(b)(8)(A) |

In addition, pursuant to 18 U.S.C. § 1028A and U.S.S.G. § 2B1.6, defendant is subject to a two-year term of imprisonment for his conviction on Count 13, which is to run consecutive to any term of imprisonment imposed for the court other count of conviction. Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

15.  There is no agreement as to defendant's criminal history or criminal history category.

16.  Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

17.  The stipulations in this agreement do not bind either the United States Probation Office or the Court.  Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.

## DEFENDANT'S OBLIGATIONS

18. Defendant agrees that he will:

   a) Plead guilty as set forth in this agreement.

   b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

   c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

   d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

   e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

   f) Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

## THE USAO'S OBLIGATIONS

19. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

   a) To abide by all sentencing stipulations contained in this agreement.

   b) At the time of sentencing to move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the

applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

c) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

20.  To recommend that defendant be sentenced to a term of imprisonment at the low end of the applicable Sentencing Guidelines imprisonment range for his conviction on Count 6 (provided that the total offense level as calculated by the Court is 13 or above for that count, and provided that the Court does not depart downward in offense level or criminal history category), plus the imposition of a two-year consecutive term of imprisonment for the violation of 18 United States Code, Section 1028A (Count 13).

## BREACH OF AGREEMENT

21.  If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred,

11

then: (a) if defendant has previously entered guilty pleas, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all of its obligations under this agreement.

22. Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

   a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

   b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

   c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## LIMITED MUTUAL WAIVER OF APPEAL

23. Defendant gives up the right to appeal any sentence imposed by the Court, including any order of restitution, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, (b) the Court in determining the applicable guideline range does not depart upward in offense level or criminal history category and determines that the total offense level is 13 or below before application of the consecutive two-year term of imprisonment for the violation of 18 U.S.C. § 1028A(a)(1) (Count 13), and (c) the Court imposes a sentence falling within or below the range corresponding to offense level 13 and the applicable criminal history category, plus the consecutive two-year term of imprisonment for the violation of 18 U.S.C. § 1028A(a)(1).  Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the Court's determination of defendant's criminal history category and the conditions of supervised release imposed by the Court, with the exception of the following: conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

24. The USAO gives up its right to appeal the sentence, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, (b) the Court determines that the total offense level is 13 or above prior to imposition of a two-year consecutive term of imprisonment for the violation

of 18 United States Code, Section 1028A (Count 13) and (c) the Court imposes a sentence within or above the range corresponding to the determined total offense level and criminal history category, prior to the imposition of the two-year consecutive term of imprisonment for the violation of 18 United States Code, Section 1028A (count sixteen), and also imposes the two-year mandatory consecutive term.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

25. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all of their obligations under this agreement, or (c) leave defendant's remaining convictions, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## COURT NOT A PARTY

26. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain

bound to fulfill all defendant's obligations under this agreement. No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

27. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

_[signature]_                                    11/24/09
KERI CURTIS AXEL                                  Date
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney

15

1  has advised me of my rights, of possible defenses, of the
2  sentencing factors set forth in 18 U.S.C. § 3553(a), of the
3  relevant Sentencing Guidelines provisions, and of the
4  consequences of entering into this agreement. No promises or
5  inducements have been given to me other than those contained in
6  this agreement. No one has threatened or forced me in any way to
7  enter into this agreement. Finally, I am satisfied with the
8  representation of my attorney in this matter.

_____   11/24/09
JOHN DOE aka "CHARLES POWELL"        Date
aka "KENNETH ROBERT MURPHY-PETERSON"
Defendant

I am JOHN DOE's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____   11/24/09
SYLVIA TORRES-GUILLEN               Date
Counsel for Defendant
RAUL ALONSO-PRIETO